## Commonwealth v. Lazo.

*Criminal law—Bigamy—Form of marriage—Annulment of bigamous marriage—Act of March 27, 1903.*

A woman married in 1919 without having been divorced from a husband whom she had married in 1902, and was convicted of bigamy;  thereafter she procured a divorce from her first husband and then married again in 1920 without having secured a divorce from her second husband:  *Held*, that she might be convicted of bigamy under the Act of March 27, 1903, P. L. 102.

Questions of law submitted.  Q. S. Venango Co., Nov. Sess., 1923, No. 36.

*Lee A. McCracken*, District Attorney, for Commonwealth.

*John M. McGill*, for defendant.

CRISWELL, P. J., Dec. 6, 1923.—The district attorney and defendant have informally submitted to the court the legal question arising upon the following facts:

On Sept. 30, 1902, the defendant married one Roy D. Richards, at Clearfield, Penna.

On Oct. 23, 1919, the defendant, without being divorced from the said Richards, married one George L. Heffern, and thereafter, on account of said marriage, was convicted of bigamy and sentenced by this court at No. 10, November Sessions, 1919.

Thereafter, at No. 56 of April Term, 1920, of the Court of Common Pleas of Venango County, she procured a divorce from the said Richards.

Subsequent to the procurement of such divorce, and without having her marriage with Heffern adjudged void, on June 10, 1922, she married Pete Lazo, on account of which marriage she is now indicted for bigamy.

Prior to the passage of the Act of March 27, 1903, P. L. 102, she clearly could not have been convicted upon the facts stated, and the question for con-

sideration is whether or not by that act the law is so changed as to render her liable to indictment for bigamy upon such facts.

By the terms of the act referred to, it is provided in the 1st section thereof: "That the word 'husband' or 'wife,' for the purposes of this act, shall be construed to include any person who has gone through any form of marriage with any other person, which form is recognized as binding by the laws of the place where such form is used, whether the marriage is valid in law or not, if not legally declared annulled and void by the decree of a proper court of record."

The 2nd section provides: "That from and after the passage of this act, if any person shall have two wives or two husbands at one and the same time, or if any person who has entered into a contract of marriage with another person, whether the marriage be valid in law or not, shall, while the other contracting party be alive, and before said former marriage has been legally declared void or annulled by the decree of a proper court of record, go through any form of marriage recognized as binding, . . . he or she shall be guilty of a misdemeanor."

It will be observed that the 1st section refers to marriages not legally "declared annulled *and* void" by the decree of a proper court of record, while the 2nd section refers to those not legally "declared void *or* annulled" by the decree of a proper court of record. The learned counsel for the defendant, basing his contention on the language of the 2nd section, contends that the same should be construed in the alternative, and that the reference is, first, to marriages declared void, and that the conviction of the defendant would be such a declaration; and, secondly, to marriages annulled by the decree of a proper court of record. But considering such language in connection with that of the 1st section, such construction does not appear to be warranted. It is regarded as manifest that the language of both sections was intended to express the same thing, and that they should be so construed. It is only by so doing that the sections can be harmonized, as the language of the first cannot reasonably be construed as counsel for the defendant contends.

The authorities cited by such counsel antedate the passage of the Act of 1903, and are expressions of the law as it then was, but that act appears to change the rule and requires an express annulment of the questioned marriage. It is so regarded in Com. *v.* Beckman, 23 Dist. R. 883; Com. *v.* Frey, 27 Dist. R. 242-44, and Com. *v.* Kaiser, 24 Dist. R. 74, 42 Pa. C. C. Reps. 190. In the latter case it is said: "It is of the utmost importance, therefore, since the passage of the Act of 1903, that there should be a formal decree of annulment of a bigamous marriage for the protection of the injured party in such bigamous contract, and of any other person who may contemplate marriage with such injured person."

In the same case, the question is considered as to the authority of the Court of Quarter Sessions in imposing sentence upon a person convicted of bigamy to declare, as an incident of the sentence, the bigamous marriage null and void, and it was concluded that the court had such authority, and it so did. Without, however, expressing any opinion as to the correctness of such ruling, it is noted that the record of the conviction of the defendant in 1919 does not show any such adjudication, and under the facts hereinbefore indicated, the marriage of the defendant to George L. Heffern has not been legally declared null and void by the *decree* of any court of record, and her act in entering into a contract of marriage with Pete Lazo June 10, 1922, constituted a misdemeanor under the Act of 1903.

. From George S. Criswell, Jr., Franklin, Pa.